UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| ROBIN WOOLING<br>and<br>DANIELLE WOOLING,<br><br>        Plaintiffs,<br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>        Defendant. | ) Case No.:<br>)<br>)<br>) Hon.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME Plaintiffs, ROBIN WOOLING and DANIELLE WOOLING ("Plaintiffs"), by and through their attorneys, and hereby allege the following against Defendant, NAVIENT SOLUTIONS, LLC ("Defendant"):

### Introduction

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction of this action pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise to Plaintiffs' cause of action occurred in this district as Plaintiff Robin Wooling resides in this district and as Defendant transacts business in this district.

### Parties

4. Robin Wooling is a natural person at all times relevant residing in Virginia Beach, Virginia

5. Danielle Wooling is a natural person at all time relevant residing in New Orleans, Louisiana.

6. Defendant is a business entity with headquarters in Delaware.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Factual Allegations

8. Plaintiff Robin Wooling co-signed on a loan with Defendant for her daughter, Plaintiff Danielle Wooling.

9. Defendant places telephone calls to (████████ Plaintiff Danielle Wooling's cellular telephone.

10. Defendant places telephone calls to ████████ Plaintiff Robin Wooling's cellular telephone.

11. These calls are not for emergency purposes.

12. These calls were to collect payments on a student loan.

13. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant places them by using an automatic telephone dialing system.

14. On or about January 12, 2017, Plaintiff Danielle Wooling returned a call that Defendant placed to her cell phone and during the conversation instructed one of Defendant's employees, an individual identifying herself as Jo, to stop calling her cell phone.

15. Plaintiff Danielle Wooling revoked any consent for Defendant to use an automatic telephone dialing system to call her cell phone.

16    Defendant continued to use an automatic telephone dialing system to call Plaintiff Danielle Wooling's cell phone after January 12, 2017.

17    Since January 12, 2017, Defendant called Plaintiff Danielle Wooling's cell phone at least twenty eight (28) times.

18    On or about January 3, 2017, Plaintiff Robin Wooling instructed Defendant to stop calling her cell phone.

19    Plaintiff Robin Wooling revoked any consent for Defendant to use an automatic telephone dialing system to call her cell phone.

20    Defendant continued to use an automatic telephone dialing system to call Plaintiff Robin Wooling's cell phone after January 3, 2017.

21    Since January 3, 2017, Defendant called Plaintiff Robin Wooling's cell phone at least two hundred-thirty three (233) times.

22    Defendant used an automatic telephone dialing system to place these calls.

23    Defendant placed these calls voluntarily.

24    Defendant placed these calls under its own free will.

25    Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

26    Defendant willfully used an automatic telephone dialing system to place these calls.

27    These calls are a nuisance.

28    Plaintiffs are annoyed and feel harassed by Defendant's calls.

## Count I

### Defendant Violated the Telephone Consumer Protection Act

29    Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiffs to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

30    Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs request that judgment be entered against Defendant for the following:

31    Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B).

32    Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C).

33    All court costs, witness fees and other fees incurred.

34    Any other relief that this Honorable Court deems appropriate.

                                                                   Respectfully submitted,

Dated:  April 25, 2017                     /s/Francis Alexander Webb
                                                                   Francis Alexander Webb
                                                                   The Law Offices of F.A. Webb, PLLC
                                                                   4085 Chain Bridge Road Suite 302
                                                                   Fairfax, VA 22030
                                                                   Tel: (703) 539-2003
                                                                   Fax: (703) 934-8583
                                                                   Email: frank@fawebb.com
                                                                   Attorneys for Plaintiffs